ZENITH APARTMENTS v. ADAMS.

No. 1217.

Municipal Court of Appeals
District of Columbia.

Argued June 23, 1952.

Decided July 9, 1952.

Robert T. Smith, Washington, D. C., for petitioner.

No appearance for respondent.

Ernest F. Williams, Gen. Counsel, Washington, D. C. (Ruffin A. Brantley, Asst. Gen. Counsel, Washington, D. C., on the brief), for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case involves a petition to review a final order of the District of Columbia Rent Administrator. It comes here pursuant to the provisions of the District of Columbia Emergency Rent Act[1] which grants this court exclusive jurisdiction to review such orders.

Petitioner, operating an apartment building at 3217 Connecticut Avenue, in December 1951 petitioned the Rent Administrator for an adjustment of the maximum-rent ceiling of apartment No. 24 on the basis of a substantial capital improvement made since January 1, 1951. A hearing was held by an Examiner who made findings and recommended an order denying petitioner any adjustment. Request for review by the Administrator was granted resulting in a final order affirming the Examiner's recommended order plus an additional finding by the Administrator. It is from this order that appeal is taken.

It seems expedient to briefly review the facts in order that our determination of the issues may more fully be understood. On January 1, 1941, the freeze date under the original District of Columbia Emergency Rent Act,[2] the unit in question was part of a three-room apartment in a fairly large-sized apartment building. The rent ceiling on this apartment was frozen by the Rent Act of 1941 at $55 per month. After March 31, 1948, the petitioner divided this apartment into two separate apartments, Nos. 24 and 24A. No. 24 is the one involved in this petition. By an amendment to the District of Columbia Emergency Rent Act[3] which permitted the landlord to establish the rent on "housing accommodations created by conversion after March 31, 1948", the premises were decontrolled and the petitioner by his act of converting this three-room apartment into two

1. Public Law 63, 82nd Cong., 1st Sess., § 9(c), (June 30, 1951).

2. Code 1940, Supp. VII, 45–1602.

3. Code 1940, Supp. VII, 45–1602(3) (b).

separate units was no longer bound by the maximum-rent ceiling frozen by the 1941 act.

The landlord established a monthly rent of $88 a month on each of these new units. Apartment No. 24 then consisted of a one-room, unfurnished, so-called efficiency apartment. By a subsequent enactment[4] Congress brought this unit under rent control and froze the rent as of January 1, 1951, thereby making the $88 a month rent established by the landlord the legal maximum rent ceiling for this unit. In December 1951 the landlord petitioned the Rent Administrator to increase the rent ceiling on Apartment No. 24 from $88 to $97.50 a month, requesting the adjustment to compensate him for a substantial capital improvement including furniture and furnishings made since January 1, 1951,[5] which improvements amounted to $399 worth of furnishings.

Pursuant to this petition an inspection was made of the apartment and petitioner was granted a hearing subsequent to which the Examiner made his findings of fact and recommended order wherein he stated, "That any upward adjustment of the maximum rent ceiling for the subject unit, even on a furnished basis, would permit the receipt of an unduly high rent and would exceed the generally prevailing rate for comparable housing accommodations located within the same building; the petition is therefore without merit, and accordingly, the following is recommended: Ordered, that an order of dismissal be entered herein, * * *." Upon denial of his motion for a rehearing before the Examiner, the landlord petitioned the Administrator for a review. After reviewing the record the Administrator issued an order affirming the Examiner's recommended order and also made an additional finding setting forth in detail the basis for his affirmance of the Examiner's action. This additional finding consisted of listing other comparable housing accommodations in this apartment building giving the maximum-rent ceilings per month, both furnished and unfurnished, and the effective dates thereof.

■ The petitioner contends that such order is arbitrary and capricious and since the act provides for an adjustment in rent based upon capital improvements the Administrator is therefore required as a matter of law to grant him *some* adjustment. With this we do not agree.

Section 4(b)[6] provides: "Any landlord may petition the Administrator to adjust the maximum-rent ceiling * * * applicable to his housing accommodations to compensate for * * * a substantial capital improvement including furniture and furnishings or alteration made since January 1, 1951; whereupon the Administrator *may* by order adjust such maximum-rent ceiling * * * in such manner or amount *as he deems* proper to compensate therefor, in whole or in part, *if* he finds such adjustment necessary or appropriate to carry out the purposes of this Act: *Provided*, That no such adjusted maximum-rent ceiling * * * shall permit the receipt of rent in excess of the rent generally prevailing for comparable housing accommodations *as determined by the Administrator*." (Emphasis supplied.) We think there can be no question that the power conferred on the Administrator by the act, as indicated above, is a broad discretionary power coupled with the duty to maintain the rent ceiling in a given instance to that of the rent generally prevailing for comparable housing accommodations.

■ The purpose as well as the spirit of the act calls for an affirmance in this case. The Administrator was justified in concluding that the landlord by charging $88 for this unit unfurnished established a rent sufficiently high in the first instance without requiring any upward adjustment to compensate him for furnishing this apartment.

Under the section entitled "Court Review," the act provides that "No order shall be set aside or remanded unless the petitioner shall establish to the satisfaction

4. Public Law 63, 82nd Cong., 1st Sess., (June 30, 1951).

5. Id., § 4(b).

6. Ibid.

of the court that the order is not in accordance with law, or is not supported by substantial evidence." We are of the opinion that petitioner has failed to sustain this burden. The evidence before the Administrator was substantial and adequately supports his order.

Affirmed.

1. Code 1940, Supp. VII, § 45–1610.